FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

MAR 20 2006

MARKUS B. ZIMMER, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| STEVE J. MAYNARD,<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner, Social Security Administration<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:04 CV 775 DB<br>Judge Dee Benson |

Steven J. Maynard seeks judicial review of a final agency decision of the Commissioner of Social Security denying Mr. Maynard's application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Mr. Maynard's application alleged that he has been disabled since June 11, 2002, due to degenerative disc disease with significant pain.

Mr. Maynard's application was initially denied on February 6, 2003. And it was denied upon reconsideration on April 8, 2003. Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ), and a hearing was held on April 13, 2004. The ALJ issued a decision on May 27, 2004 denying Mr. Maynard's disability claims and finding that Mr. Maynard retained the residual functional capacity to perform a range of sedentary work. On July 21, 2004, the Appeals Council denied Mr. Maynard's request for review, thereby exhausting his administrative remedies.

Mr. Maynard argues that the Court should reverse the Commissioner's decision, or remand the matter to the Commissioner for another hearing, because the ALJ erred by misapplying applicable legal standards and by making factual findings that are not supported by

substantial evidence in the record.

## STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to determining whether the "factual findings are supported by substantial evidence in the record viewed as a whole" and whether the correct legal standards were applied. Castellano v. Sec'y of Health and Human Serv., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court may consider the specific rules of law that the ALJ must follow in weighing particular types of evidence, but the Court will not reweigh the evidence or substitute its judgment for that of the agency. White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). The Court must evaluate the record "to ascertain whether there is evidence to support the ALJ's decision, regardless of whether [it] would have reached a different result based on the record." Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1991).

## ANALYSIS

The Commissioner employs a five-step process in deciding whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750–51 (10th Cir. 1988). The Commissioner determines (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment is equivalent to a listed impairment; (4) whether the impairment prevents the claimant from performing the work he previously performed; and (5) whether the claimant remains capable of performing work other than his previous work. See id. The entire analysis need not be completed if one of the early steps in the analysis establishes a particular claimant is

or is not disabled. See id.

Mr. Maynard challenges steps two, three, and five of the ALJ's five-step analysis. Mr. Maynard argues the ALJ's determinations are not supported by substantial evidence and that the ALJ misapplied the law. The Court, having carefully reviewed the record and the briefing of the parties, determines that the ALJ's decision is supported by substantial evidence and that the ALJ applied correct legal standards.

The Court relies on the law and reasoning set forth in the Commissioner's brief as the basis for its decision. Specifically, the Court determines that the ALJ made consistent findings regarding the severity of Mr. Maynard's impairment. The ALJ acknowledged Mr. Maynard's back disorder, obesity, and hyperalimentation, and concluded in the findings of fact that Mr. Maynard's degenerative disc disease met the definition of "severe" contained in the applicable regulations.

The ALJ also applied the correct standard in determining that Mr. Maynard's impairment does not meet or equal one of the listed impairments. Mr. Maynard argues that his impairment meets or equals listing 1.04, but the ALJ, after analyzing the specific requirements of listing 1.04, found that Mr. Maynard was able to ambulate effectively and did not meet the criteria of the listing. The ALJ's reference to listing 1.05 was inadvertent, harmless error. The ALJ also gave appropriate weight to Mr. Maynard's physicians, who he claims are "treating physicians" within the meaning of the regulations. But even if the ALJ had failed to give their opinions the "presumption of controlling weight," see Doyal v. Barnhart, 331 F.3d 758, 762-63 (10th Cir. 2003), Mr. Maynard has not demonstrated a relationship of both "duration and frequency" with his doctors sufficient to appropriately classify them "treating physicians." See id.

Finally, contrary to Mr. Maynard's assertions, the ALJ appropriately made a

3

determination of Mr. Maynard's residual functioning capacity. The ALJ's determination that Mr. Maynard could perform sedentary work is supported by objective medical evidence and the testimony of the vocational expert and Mr. Maynard. The ALJ's finding that Mr. Maynard's allegations regarding his limitations were "not totally credible" is also supported by substantial evidence in the record. Both the objective medical evidence and inconsistencies in Mr. Maynard's allegations support that finding.

## CONCLUSION

For the foregoing reasons, Mr. Maynard's motion to reverse the denial of benefits or to remand for further proceedings is DENIED.

IT IS SO ORDERED.

Dated this 19th day of March, 2006.

_____
Dee Benson
U.S. District Court Judge